**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| CYNTHIA ORAVECZ, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br>  vs.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>         Defendant. | Case No.: 13-CV-307<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cynthia Oravecz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). Her former name was Cynthia Wiseman.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt is related to Plaintiff's alleged personal credit card.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act in that the alleged debt allegedly arose from consumer transactions that included agreements to defer payment, namely the alleged use of a credit card. Wis. Stat. § 421.301(17).

6. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a New York limited liability company with its principal place of business located at 6390 Main Street, Suite 160, Williamsville, NY 14221.

7. Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Mercantile is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Mercantile is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or about January 16, 2013, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "CAPITAL ONE, N.A." A copy of this letter is attached to this Complaint as Exhibit A.

10. The alleged debt identified in Exhibit A is an alleged "Kohl's Department Store" ("Kohl's") branded credit card account used only for personal, family or household purposes.

11. This letter stated: "This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, WI 53707."

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Mercantile is not licensed by the Office of the Administrator of the Division of Banking, or any other Wisconsin governmental agency.

2

14. Upon information and belief, Mercantile was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

15. Mercantile is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited Mar. 18, 2013).

16. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that Mercantile is not currently licensed by the Office of the Administrator of the Division of Banking, and that Mercantile was not so licensed at the time Exhibit A was sent to Plaintiff.

17. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006).

18. Mercantile was sued in this District for the same type of licensing violation in 2012. *Paige v. Mercantile Adjustment Bureau, LLC*, No. 12-cv-582-JPS (E.D. Wis. filed Jun. 8, 2012).

19. Exhibit A also states the following:

> Your account owed to KOHL'S DEPARTMENT STORES, INC. has been listed with our office for collection.

20. This statement is false. While the alleged debt is disputed, under no circumstances would Plaintiff owe the debt *to* Kohl's.

21. An alleged debt such as the one identified in Mercantile's letter would be owed to the credit card holder, Capital One Bank, N.A.

22. Kohl's has been paid in full (by Capital One) for the alleged transaction, and has no remaining stake in the transaction.

23. A debt collector's misrepresentation of the party to whom a debt is owed is a material false statement. If Plaintiff were to pay Kohl's directly based upon the representation in the letter, Kohl's could likely keep the money, but that payment would not satisfy the debt to Capital One. The voluntary payment doctrine, among other roadblocks, would make it difficult for Plaintiff to recover a mistaken payment to Kohl's.

24. Further, although another part of the letter identifies Capital One as the "creditor," that text contradicts the later reference to the account being "owed to" Kohl's.

25. The contradiction is confusing to the unsophisticated consumer.

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Exhibit A falsely states that Mercantile is licensed by the Division of Banking for the State of Wisconsin.

28. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

30. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or

4

approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

32. Mercantile violated 15 U.S.C. § 1692e, 1692e(1), 1692e(9), by falsely informing consumers that it was licensed by the State of Wisconsin's Division of Banking.

## COUNT II – WCA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. The alleged underlying transaction was a consumer transaction with an agreement to defer payment.

34. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

35. By using a letter that falsely represented its licensing status in Exhibit A, Mercantile used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

36. The conduct of Mercantile described in this Complaint violated Wis. Stat. § 427.104(1)(k).

## COUNT III -- FDCPA

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38. Exhibit A falsely states that Plaintiff's alleged debt is "owed to KOHL'S DEPARTMENT STORES, INC."

5

39. In fact, the Plaintiff's alleged debt is allegedly owed to Capital One, not Kohl's.

40. The misrepresentation of the party to whom the alleged debt is owed is a material misstatement because a payment to Kohl's would not satisfy the alleged debt to Capital One.

41. The reference to Capital One as the "creditor" conflicts with the later statement that the debt is "owed to KOHL'S DEPARTMENT STORES, INC."

42. Whether viewed as an overtly false statement or a contradiction, Mercantile's conduct violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after March 18, 2012, (e) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  March 18, 2013

**ADEMI & O'REILLY, LLP**

By:   /S/ John D. Blythin
      Shpetim Ademi (SBN 1026973)
      David J. Syrios (SBN 1045779)
      John D. Blythin (SBN 1046105)
      3620 East Layton Avenue
      Cudahy, WI 53110
      (414) 482-8000
      (414) 482-8001 (fax)
      sademi@ademilaw.com
      dsyrios@ademilaw.com
      jblythin@ademilaw.com